UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM JAMES HUFF,<br><br>                Plaintiff,<br><br>vs.<br><br>IDAHO STATE CORRECTIONAL CENTER, JOSHUA RANKINS, and JAY CHRISTENSEN. | Case No. 1:20-cv-00421-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff William James Huff was conditionally filed by the Clerk of Court due to Plaintiff's status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff must file an amended complaint if he desires to proceed.

## REVIEW OF COMPLAINT

1. **Factual Allegations**

Plaintiff alleges that, on or about December 16, 2019, Warden Jay Christensen allegedly placed Plaintiff in danger by housing him on a "softwalk," which he describes as a housing unit that is "a step under" protective custody. The "softwalk" housed certain

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

people who were not mentally or medically appropriate for that unit. The "softwalk" is on the same tier as a "hardwalk," which contains gang members, posing a security threat to those living in the "softwalk" unit.

Plaintiff asserts that he suffered humiliation, extreme mental anxiety, and other "deprivation" from being placed in a cell with a medically and mentally unstable cellmate. He does not elaborate on what he means by this.

2. **Standard of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In short, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Bare allegations that amount to merely a restatement of the elements of a cause of action, without adequate factual support, are not

enough to withstand a Federal Rule of Civil Procedure 12(b)(6) challenge for dismissal for failure to state a claim upon which relief can be granted. *See id*.

Federal Rule of Civil Procedure 8 applies to all pleadings filed in the federal court. In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must provide facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs. "[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

liability under the Eighth Amendment through § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

"Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks, citation, and alterations omitted). Although even an obvious danger does not result in liability if the official is not subjectively aware of it, a prison official cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.

Mere indifference, medical malpractice, or negligence may be brought as supplemental state law claims but will not support a federal cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980).

3. **Discussion of Federal Claims**

    A. *Defendant Christensen*

    Defendant Christensen was warden of ISCC where Plaintiff was housed. There are insufficient allegations in the Complaint showing that Warden Christensen knew of or personally participated in the conditions that caused Plaintiff harm or fear of harm. For example, lower level supervisors often are in charge of determining prisoners' housing assignments, rather than the warden.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

Should Plaintiff discover facts showing that the warden personally participated in or approved the decision to house him on that tier and that the warden knew that Plaintiff was likely to be harmed or was living in harm's way on the "softwalk," then Plaintiff may file a motion to amend his complaint, with a proposed amended complaint that sets forth those allegations.

Should Plaintiff discover facts showing that the warden personally participated in or approved the decision to house him on that tier and that the warden knew that Plaintiff was likely to be harmed or was living in harm's way on the "softwalk," then Plaintiff may file a motion to amend his complaint, with a proposed amended complaint that sets forth those allegations.

The standard of law for stating a claim against a supervisory official was set forth succinctly in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). There, the United States Court of Appeals for the Ninth Circuit clarified that a supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 1207. Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted).

### B. *Defendant Rankins*

Plaintiff has stated no allegations showing how Defendant Rankin was involved in his housing placement or retention in that unit. Plaintiff will be given opportunity to amend to show the "what, when, where, and why" of Rankin's alleged violations of Plaintiff's constitutional rights. In addition, Plaintiff has not clearly stated the manner in

which he was harmed or why he felt under threat of harm when living on the "softwalk." It appears that he was housed with a mentally ill cellmate, but he will need to provide sufficient allegations to show that requiring him to live with a mentally ill cellmate amounted to cruel and unusual punishment. For example, did Plaintiff' cellmate harm him or threaten him? Did the placement subject him to psychological or emotional injury, and, if so, how and when did that happen and how did it affect Plaintiff? Simply stating "humiliation and "embarrassment" and "improper deprivation" do not give the Court sufficient facts to determine whether Plaintiff has met the threshold of stating a cruel and unusual punishment claim.

4. **Defendant Idaho State Correctional Center**

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff should omit the prison facility from any amended complaint.

5. **Discussion of State Law Claims**

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims ordinarily expected to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

To state a claim for negligence, a plaintiff must provide adequate factual allegations showing the following: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the defendant's duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage." *Nelson v. Anderson Lumber Co.*, 99 P.3d 1092, 1100 (Idaho Ct. App. 2004). Plaintiff should separately state which defendant was negligent, what facts show that he or she breached a duty to Plaintiff, how the defendant caused Plaintiff's injuries, and what specific injuries Plaintiff suffered.

If Plaintiff is permitted to proceed, he later will have to provide sufficient evidence that he complied with the provisions of the Idaho Tort Claims Act (ITCA), Idaho Code § 6-901, *et seq.*, should Defendants assert that he did not. Idaho Code § 6-905 requires: "All claims against the state arising under the provisions of this act and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later."

6. **Conclusion**

Plaintiff may not proceed on his Complaint, but must file an amended complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

He must provide additional facts to show that he was harmed or living under threat of harm, and which defendants he reported his issues to and how they responded, and how the defendants are causally linked to Plaintiff's injuries. Failure to provide sufficient facts to support a cognizable cause of action will result in dismissal of the Complaint for failure to state a claim upon which relief can be granted.

### 7. Request for Appointment of Counsel

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff asserts that he is not competent in the law and cannot afford legal advice. Almost no prisoners have legal training or access to broad legal resources. Plaintiff's primary task in this case is to bring forward *facts* supporting the claims; it is not necessary to provide legal argument or citations. The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if the case appears meritorious.

### ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (contained in the Complaint) is DENIED without prejudice. When the Court has additional evidence before it regarding the claims, it will revisit this request without the need for Plaintiff to

file another request.

2. Plaintiff must file an amended complaint to correct the deficiencies set forth above, together with a motion to amend, no later than **30 days** after entry of this Order. Failure to do so will result in dismissal of this case for failure to state a claim upon which relief can be granted, without further notice.

DATED: October 16, 2020

B. Lynn Winmill
U.S. District Court Judge